UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Nos.: 3:18-CR-4-TAV-JEM-3 |
| | ) | 3:19-CR-9-TAV-JEM-1 |
| BROOKE HENSLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [Case No. 3:18-cr-04, Doc. 364; Case No. 3:19-cr-09, Doc. 31].[1]  The United States opposes Defendant's motion [Doc. 366].  For the reasons that follow, the motion will be denied.

## I.     BACKGROUND

In November of 2020, Defendant was sentenced to a total term of imprisonment of 126 months based on her convictions for conspiracy to distribute fifty (50) grams or more of methamphetamine and at least 100 grams of heroin (Case No. 3:18-cr-04) and conspiracy to commit money laundering (Case No. 3:19-cr-09) [Doc. 360].  According to the Bureau of Prisons ("BOP"), her projected release date is in February 2027.  *See* Inmate Locator, Bureau of Prisons, https//www.bop.gov.inmateloc/ (last visited April 29, 2022).

---

[1] Defendant filed identical compassionate release motions in the above-mentioned cases. Hereafter, record citations will refer to Case No. 3:18-cr-04.

She moves for compassionate release based on the COVID-19 pandemic and her underlying medical conditions [Doc. 364].

## II.   LEGAL STANDARD

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)).  Section 3582(c)(1)(A)(i) of Title 18, United States Code authorizes district courts to consider defendant motions for sentence reduction based on "extraordinary and compelling reasons."

Before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020).  Exhaustion of administrative remedies is a "mandatory condition" for defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020).  However, because the administrative exhaustion requirement operates as a "claim processing rule," it may be waived or forfeited by the Government.  *Id*. at 833–34.

If the exhaustion requirement has been met, a court may grant a motion for compassionate release if (1) "extraordinary and compelling reasons merit a sentence reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the court has "considered the factors . . . in 18 U.S.C.

2

§ 3553(a), to the extent that they apply." § 3582(c)(1)(A). However, when the defendant, rather than the BOP, files a motion for compassionate release, the court "may skip step two of the [Section] 3583(c)(1)(A) inquiry" and has "full discretion to define 'extraordinary and compelling circumstances' without consulting the policy statement in [U.S.S.G.] § 1B1.13.'" *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). A motion for compassionate release may be denied when one of the substantive requirements is not met. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

## III.    ANALYSIS

Defendant has presented evidence of her exhaustion efforts within the BOP [*See* Doc. 364, pp. 11–16]. The Government concedes that the exhaustion requirement has been met [Doc. 366, p. 1]. Thus, the Court finds that it has authority under § 3582(c)(1)(A) to address the merits of Defendant's motion.

As noted above, the Court need not consider all statutory prerequisites if any one would serve as a basis for denial. *Elias*, 984 F.3d at 519. In this case, the § 3553(a) factors militate against a sentence reduction. Defendant's criminal conduct was serious. She acted as a leader in a methamphetamine and heroin distribution conspiracy and personally distributed a significant quantity of drugs to others involved in the conspiracy [Doc. 246, ¶ 5; Doc. 336, ¶¶ 17–22, 26, 27]. In addition to drug trafficking, Defendant also laundered $829,000 or more from fraudulently obtained loans [Doc. 336, ¶¶ 17-18, 20-22]. The "nature and circumstances of the offense[s]" emphasizes the need for adequate deterrence,

just punishment, and protection of the public from future offenses by the defendant.  *See* 18 U.S.C. § 3553(a)(1).

When reviewing the § 3553(a) factors, this Court may consider the amount of time that a defendant has served on a sentence.  *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("[T]he need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate.").  In this case, Defendant was sentenced to 126 months of imprisonment and her projected release date is not until February 2027, approximately 57 months from now. The substantial portion of time remaining on Defendant's sentence weighs against release. Moreover, the Court initially sentenced Defendant to a term of imprisonment well below the advisory guidelines,[2] and any further reduction in sentence might result in an unwarranted sentence disparity with similarly situated offenders.  *See* 18 U.S.C. § 3553(a)(6).

The Court is aware of Defendant's medical conditions[3] and the ongoing risk that the pandemic poses to Defendant and to others.  However, that risk is substantially lessened by the availability of vaccines.  *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (A defendant's "access to the COVID-19 vaccine substantially undermines [her] request

---

[2]  Defendant's advisory guidelines were 262 to 327 months [Doc. 361, p. 1].

[3]  Defendant is twenty-eight (28) years old and suffers from asthma, hypothyroidism, anemia, and a heart murmur, as documented in her medical records from BOP [Doc. 364, pp. 49, 91]. Defendant also alleges that she was previously diagnosed with emphysema and chronic obstructive pulmonary disease (COPD) [*Id.* at 2-3].

4

for a sentence reduction" because "with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated.").

After considering the applicable § 3553(a) factors, the Court finds that a sentence reduction in this case would not reflect the seriousness of the offenses of conviction, would not promote respect for the law or provide just punishment, and would not afford adequate deterrence or protect the public from future crimes of this defendant.

Because the § 3553(a) factors do not support a sentence reduction, the Court need not consider whether Defendant has shown extraordinary and compelling reasons for compassionate release. *See Elias*, 984 F.3d at 519.

IV.     **CONCLUSION**

For the reasons set forth above, Defendant's motion for compassionate release [Case No. 3:18-cr-04, Doc. 364; Case No. 3:19-cr-09, Doc. 31] is **DENIED**.

**IT IS SO ORDERED.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

5