UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Nos.: 3:19-CR-9-TAV-JEM-1 |
|  | ) | 3:18-CR-4-TAV-JEM-3 |
| BROOKE HENSLEY, | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's pro se motion for a sentence reduction [Case No. 3:19-CR-9, Doc. 46; Case No. 3:18-CR-4, Doc. 395].[1] In defendant's motion, defendant requests that the Court resentence her pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 821 to the United States Sentencing Guidelines Manual. The Federal Defender Services of Eastern Tennessee has filed a notice of no intention to supplement the pro se motion [Doc. 47], and the government filed a response in opposition [Doc. 48]. For the following reasons, defendant's pro se motion [Doc. 46; Case No. 3:18-CR-4, Doc. 395] is **DENIED**.

**I.    Standard of Review**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions."

---

[1] Hereinafter, the Court will cite to docket entries in Case No. 3:19-CR-9 unless otherwise specified.

*Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson*, 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation

2

omitted); *see also* U.S. Sent'g Guidelines Manual § 1B1.10(b)(1) (U.S. Sent'g Comm'n 2023). Other than substituting Amendment 821 for the corresponding provision applicable when the defendant was originally sentenced, the Court "shall leave all other guideline application decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.*; U.S. Sent'g Guidelines Manual § 1B1.10(b)(2)(A), (C).[2] In addition to these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. U.S. Sent'g Guidelines Manual § 1B1.10 cmt. n.1(B)(ii). A court may further consider a defendant's post-sentencing conduct. *Id.* at n.1(B)(iii).

## II. Factual Background

Defendant pleaded guilty of conspiracy to distribute 50 grams or more of methamphetamine and 100 grams or more of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B) [Doc. 2]. Defendant had a total criminal history score of zero, resulting in a criminal history category of I [Presentence Investigation Report ("PSR") ¶ 65]. The PSR applied two offense-specific enhancements: one for possession of a dangerous weapon [*Id.* ¶ 41] and one for maintaining a premises for the purpose of

---

[2] Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S. Sent'g Guidelines § 1B1.10(b)(2)(B).

3

manufacturing or distributing a controlled substance [*Id.* ¶ 42]. Based on defendant's offense level of 41 and criminal history category of I, the PSR calculated defendant's guideline range as 324 to 405 months' imprisonment [*Id.* ¶ 80]. The government moved for a 45% downward departure [Sealed Doc. 23]. At sentencing, the parties agreed that the premises sentencing enhancement [PSR ¶ 42] was inapplicable in this case; therefore, the adjusted total offense level was 39, resulting in an amended guideline range of 262 to 327 months' imprisonment [Doc. 29].

The Court sentenced defendant on November 5, 2020, to 126 months' imprisonment [Doc. 28], granting the government's downward departure motion. According to the Bureau of Prisons' website, defendant is presently scheduled for release on March 10, 2026. Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed October 8, 2024).

**III.  Analysis**

Amendment 821 to the Guidelines, which became effective on November 1, 2023, has two relevant parts. U.S. Sent'g Guidelines Supp. to App. C, amend. 821. First, Amendment 821 revises section 4A1.1's provision for the addition of "status points" to a defendant's criminal history points if the defendant committed the offense of conviction while under a criminal justice sentence. *Id.* Section 4A1.1(d) previously provided for two criminal history points to be added if the defendant committed the offense of conviction while under any criminal justice sentence. *Id.* Under Amendment 821, section 4A1.1(e) now provides for the addition of one criminal history point "if the defendant: (1) receives

4

7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *Id.* A defendant with less than seven criminal history points receives no additional "status points" under § 4A1.1. *Id.*

Secondly, Amendment 821 adds new section 4C1.1, which provides certain "zero-point offenders" with a two-level reduction to their offense level. *Id.* The two-level reduction applies if a defendant meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;
(2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
(3) the defendant did not use violence or credible threats of violence in connection with the offense;
(4) the offense did not result in death or serious bodily injury;
(5) the instant offense of conviction is not a sex offense;
(6) the defendant did not personally cause substantial financial hardship;
(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*Id.*

Pursuant to Amendment 825, the Sentencing Commission amended section 1B1.10(d) to include these portions of Amendment 821 in the list of retroactive amendments. U.S. Sent'g Guidelines Supp. to App. C, amend. 825. The Sentencing

5

Commission also amended section 1B1.10(e) to specify that "[t]he court shall not order a reduced term of imprisonment based on . . . Amendment 821 unless the effective date of the court's order is February 1, 2024, or later." *Id.*

Here, defendant appears to seek a sentence reduction under § 4C1.1, as defendant is a "zero-point offender" and is requesting that the Court reduce her offense level by two points [*See* Doc. 46]. However, defendant is ineligible for a sentence reduction under § 4C1.1 for two independent reasons. Section 4C1.1 requires defendant to satisfy certain criteria to qualify for a two-level reduction to her offense level. U.S. Sent'g Guidelines Supp. to App. C, amend. 821. If defendant does not meet all the criteria listed, then she is ineligible for a two-level reduction. *Id.*

Within the list of conditions set forth in § 4C1.1, section 4C1.1(a)(7) states a defendant must not have "possess[ed] . . . a firearm or other dangerous weapon . . . in connection to the offense." *Id.* However, the PSR noted that "defendant possessed five firearms on January 23, 2018, when her residence was searched" to justify its possession of a dangerous weapon enhancement [PSR ¶ 41]. Therefore, since defendant's possession of a firearm was "in connection to the offense," she does not satisfy the § 4C1.1(a)(7) requirement.

Additionally, section 4C1.1(a)(10) states a defendant must not have "receive[d] an adjustment under § 3B1.1." U.S. Sent'g Guidelines Supp. to App. C, amend. 821. However, the PSR noted that "defendant was an organizer, leader, manager, or supervisor" meriting the application of § 3B1.1(c) in calculating her offense level [PSR ¶ 44].

Therefore, since defendant received an adjustment under § 3B1.1 for her leadership role in the underlying offense, she does not satisfy the § 4C1.1(a)(10) requirement.

Because defendant fails to satisfy §§ 4C1.1(a)(7), (10) and thus does not meet all necessary conditions set forth in § 4C1.1, she is ineligible for a two-level reduction to her offense level.

### III. Conclusion

For the reasons stated herein, defendant's motion [Doc. 46; Case No. 3:18-CR-4, Doc. 395] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE